## R. R. ALDRICH *v.* E. R. ALDRICH.

*Co-Sureties. Contribution. Statute of Limitations. Voluntary, Compulsory, Payment.*

1. The plaintiff and defendant were co-sureties on a promissory note. All the parties to the note, the payee, the principal, and sureties were residents of this State. After the Statute of Limitations became a bar here, the plaintiff voluntarily and without the knowledge of the defendant, but with no fraudulent intent, went to New Hampshire, where there was no defence to the note, and there was sued by the payee, judgment rendered against him, and he was compelled to pay. *Held,* in an action for contribution, that the payment was compulsory, and not voluntary, and that the defendant was liable.
2. The legal right of sureties as against each other is not governed by the *lex loci contractus;* neither is there any implied obligation that they shall reside in any particular locality.
3. R. L. s. 976. Statute of Limitations—promise or payment by one joint contractor does not affect another—construed.

ACTION against a co-surety for contribution. Heard on demurrer to the defendant's third plea, June Term, 1883, Orange County, POWERS, J., presiding. Demurrer overruled, and plea held sufficient. The opinion states the case.

*E. N. Smith*, for the plaintiff.

The plaintiff could not interpose any defence to the note · in New Hampshire. He was *compelled* to submit to a judgment on the note against him, and his liability was *fixed* by the judgment of a court of competent jurisdiction. *Sessions* v. *Bicknell*, 6 N. H. 557; *Paine* v. *Drew*, 44 N. H. 306. The payment by the plaintiff was not voluntary but compulsory; and it was by virtue of the obligation which he assumed together with the defendant that he was compelled to make payment; therefore, the defendant should contribute. *Camp* v. *Bostwick*, 20 Ohio St. 337; Jac. Fish. Dig. 9144. The Statute of Limitations does not discharge nor extinguish a debt, but simply bars the remedy only in the State where it has run. *Smith* v. *Lincoln*, 54 Vt. 382; *Peaslee* v. *Breed*, 10 N. H. 489; *Boardman* v. *Paige*, 11 Ib. 431; *Chapp* v. *Rice*, 15 Gray, 557; *Norton* v. *Hall*, 41 Vt. 471; *Wood* v. *Leland*, 1 Met. 387. Section 976, R. L., does not apply. *Wheeler* v. *Doolittle*, 18 Vt. 440.

*A. M. Dickey & Son* and *J. H. Watson*, for the defendant.

The statute, R. L. s. 976, applies to co-sureties; if not, the Legislature would have excepted them. *Wright* v. *Butler*, 6 Wend. 284; *Mills* v. *Hyde*, 19 Vt. 62; *Wheatfield* v. *B. V. Township*, 25 Penn. St. 112; 15 Mass. 6; *Shelton* v. *Farmer*, 9 Bush, (Ky.) 314; *Spillman & Duff* v. *Smith*, 15 Mon. (B) 134; 3 Par. Con. 78, 82. The defendant's pleas show that he was no longer chargeable with the original debt. *Deering* v. *Earl of Winchelsen*, 3 Bos. & Pul. 270; *Campbell* v. *Mesier*, 4 Johns. Ch. 334. If the plaintiff's claim lacks equity he cannot recover. *Dennis* v. *Gillispie*, 24 Miss. 581; *Mason* v. *Lord*, 20 Pick. 447; Bisp. Eq. ss. 328, 330; Story Eq. s. 498; Brand Sur. ss. 200, 228; *Langford's Exr.* v. *Perrin*, 5 Leigh (Va.) 552; *Verle* v. *Hoag*, 24 Vt. 46. The statute having run upon the note in this State as against all the signers thereof, it was by the plaintiff's own *voluntary act*, committed without the knowledge or consent and against the will of this defendant, that he subjected himself to any liability thereon, and he cannot

enforce a contribution. *Russell* v. *Tailor*, 1 Ohio St. 327; *Letcher's Admr.* v. *Yantis*, 3 Dana. 161; *Bryant* v. *Clark*, 45 Vt. 483. The payment was voluntary, and hence the plaintiff cannot recover. *Wheatley* v. *Waldo*, 36 Vt. 237; *Taggart* v. *Rice*, 37 Vt. 47; *Stevens* v. *Mead*, 9 Vt. 177; *Comstock* v. *Tupper*, 50 Vt. 596; *Bancroft* v. *Abbott*, 3 Allen, 524. The obligations of sureties are only in accordance with the *lex loci contractus,*. Story Conf. Law, ss. 267, 314; Brandt. Sur. ss. 79, 102; *Armon* v. *Sheldon*, 12 Wend. 439. The plaintiff's act was a fraud. *Robinson* v. *Brooks*, 32 Ala. 222; *Chilton* v. *Chapman*, 13 Mo. 470; *Taylor* v. *Morrison*, 26 Ala. 728.

The opinion of the court is delivered by

ROYCE, Ch. J. This cause was heard on a general and special demurrer to the defendant's third plea. The special causes of demurrer have not been insisted upon in argument; and the question presented for determination is, whether the facts alleged in that plea constitute a defence to the action.

The plea alleges that the parties signed the note upon which the payment was recovered against the plaintiff, and which he subsequently paid, as sureties for John D. Aldrich; that John D. and the parties, and George Jenkins, the payee of the note, were at the time of its execution, and ever since have been, residents of this State; that before the service of the process upon the plaintiff upon which the judgment was obtained against him in New Hampshire, the right of recovery upon the note as against the principal and sureties by the laws of this State was barred by the Statute of Limitations, and for that reason they had declined and refused to pay it; that the plaintiff, knowing that a recovery upon said note was by the laws of this State barred by the Statute of Limitations, and that the defendant had declined and refused to pay the same, went voluntarily and without the knowledge and consent of, and against the will, of the defendant, into New Hampshire, where the process was served upon him; that thereby he made himself

liable to pay said note; and that he has paid the judgment except the sum of $1,050, which was paid by John D.

By the law of the State of New Hampshire, where the plaintiff was found when the process was served upon him, the Statute of Limitations was not available as a defence.

Did the plaintiff by voluntarily going into New Hampshire and thus giving the payee of the note an opportunity to institute the proceedings which terminated in a judgment against him release his co-surety from his liability for contribution? It will be noticed that it is not alleged that the plaintiff went into New Hampshire with any fraudulent intent, or for the purpose of giving an opportunity to have the process served upon him. A voluntary payment of an obligation by a surety which he is not under a legal obligation to make, does not give a right of action against a co-surety for contribution. But where the payment is compulsory the rule is different; in such case the payment by one surety gives a right of action against co-sureties for contribution. And a payment is deemed in law to be compulsory when the party making it cannot legally resist it. The payment of a judgment while it is collectable comes within the definition of a compulsory payment.

The legal right of sureties as against each other is not governed by the *lex loci contractus;* neither is there any implied obligation that they shall reside or remain in any particular locality. The right to contribution among co-sureties is not founded on the contract of suretyship, but is based on an equity arising from the relation of the co-sureties. The right of action for contribution accrues when one has paid more than his proportion of their liability. It is an equity which arises when the relation of co-sureties is entered into, and upon which a cause of action accrues, when one has paid more than his proportion of the debt for which they were bound. Burge Sur. 384; Theo. Pr. & S. 158; *Camp* v. *Bostwick*, 20 Ohio St. 337; *Peaslee* v. *Breed*, 10 N. H. 489; *Boardman* v. *Paige*, 11 N. H. 431; *Sibley* v. *McAllister*, 8 N. H. 389.

Sec. 976, R. L., so much relied upon by counsel for defendant,

in our judgment has no application to the question here presented. The adoption of the rule contended for by the defendant would compel a continuous residence of a surety in this State to preserve his right to call upon a co-surety for contribution. If he leaves the State for any reason and goes into a jurisdiction where the Statute of Limitations is not a defence, he does so at the peril of losing his right to call for contribution. If he so removes from the State as to arrest the running of the statute, and afterwards returns into the State and is sued and compelled to pay the judgment obtained, the same result would follow, if a co-surety could be allowed to say, "It was your duty to have remained in the State so that the Statute of Limitations would have barred a right of recovery against you." Where the right to call for contribution exists, it continues until all are placed upon an equality of benefit or loss. It is to enforce that equality that this suit was instituted. And the matters alleged in the plea are not in law a defence to it.

The judgment overruling the demurrer is reversed, demurrer sustained, plea adjudged insufficient, and cause remanded.