Garfield *v*. Foskett.

## OSCAR R. GARFIELD, ASSIGNEE, *v*. SULLIVAN FOSKETT.

### *Insolvent Law.    Co-Sureties.    Contribution.*

A and B gave their note to the bank for $1,000, and each received one-half of the money. Soon after, B was adjudged an insolvent, and the bank procured the whole note to be allowed against his estate, which paid a dividend of forty-two per cent. After the allowance the bank sold its interest in the note and claim to A's agent, who purchased for A. The assignee paid the forty-two per cent on the entire note to A, and now seeks to recover back one half of it; *Held*, that A was surety, that the estate had not yet paid what belonged to it to pay, and that the action could not be sustained.

ASSUMPSIT.   Plea, general issue.   Trial by court, September Term, 1882, Windham County, ROWELL, J., presiding. Judgment for the plaintiff.

*H. F. Wolcott*, for the defendant.

The assignee may be opposed by the same defences as if the suit had been brought in the name of the insolvent. *Cady* v. *Sanford*, 53 Vt. 633; R. L. s. 1820. As between the defendant and the insolvent, each was principal for half only and surety to the other for half. Neither party owed the other; and that is the situation now. The defendant does not owe the estate unless it paid more than its part. The claim allowed became a valid judgment. 18 Vt. 123; 6 Vt. 113; 2 D. Chip. 61; Brayt. 41. The law should be strictly construed.   *Barnes* v. *Hall*, 55 Vt. 422; *Ellis* v. *Cranston*, 50 Vt. 611.

*E. L. Waterman*, for the plaintiff.

Foskett was bound to pay the whole of his $500; and being surety for Livermore for his $500, stands like other sureties for an insolvent debtor, and must lose the balance, after application of the dividends.

It was Foskett's primary duty to have paid his half of the note. If he had openly paid and taken the note from the bank before it was presented as a claim before the Court of Insolvency, he could have proved it at only one half its amount—just what he would have lost by signing with Livermore; and just as if separate notes had been given by each, upon which the other was surety. *Lowell* v. *Est. of French*, 54 Vt. 193.

The money is recoverable in this action. *Kitchin v. Campbell*, 3 Wils. 304; *King* v. *Leith*, 2 T. R. 141; *Bank* v. *Stoddard*, 1 D. Chip. 157; *Penniman* v. *Patchin*, 5 Vt. 346; *Burnham* v. *Fisher*, 25 Vt. 514; 1 Chit. Pl. 353; Chit. Con. 517; Bull. N. P. 131; *Walker* v. *Hill*, 17 Mass. 380. A recovery in this suit would not be an impeachment of the decree allowing the claim.

The opinion of the court was delivered by

VEAZEY, J. Livermore and Foskett borrowed $1,000 of the savings bank, giving their joint and several note therefor, and divided the money equally between them. Before any part of the note was paid Livermore was adjudged insolvent, and the bank proved the whole note, including interest, against his estate, and a dividend of forty-two cents on a dollar of the whole has been paid to Foskett, amounting to $428.06. Livermore's assignee in insolvency now seeks to recover of Foskett one half of this sum as money paid on his debt, or for his benefit.

The claim is, that, although, as between Livermore and the bank the whole note was a debt against Livermore, yet, as between Livermore and Foskett one half only was Livermore's debt, therefore, his estate may recover of Foskett the money which it has paid in dividends on the half of the debt that belonged to Foskett to pay as between Livermore and Foskett. No provision of the insolvency act affords any solution of the question; nor do the authorities cited shed much light upon it.

Garfield v. Foskett.

If the estate had paid in dividends on the whole note more than one half of it, clearly, the assignee could recover as contribution the excess above the half Livermore was bound to pay. *Aldrich* v. *Aldrich*, 56 Vt. 324; *Morgan* v. *Smith*, 70 N. Y. 537; 6 M. & W. 153. This excess would have been a payment on Foskett's half of the debt as between him and Livermore. But the estate has not yet paid the half which belonged to Livermore to pay. It owed the whole note to the bank, which gave the bank the right to prove, and to receive dividends on, the whole. Until the estate pays more in dividends on the whole debt due from it to the bank than belonged to it to pay as between the estate and Foskett, we think it cannot be said, that the estate has paid anything in Foskett's behalf. There was but one note or debt to the bank, not two separate notes or debts. Foskett was surety, not a creditor of the estate. This case does not involve an adjustment between creditors.

It is claimed, that as only half the note could have been allowed by the Court of Insolvency, if Foskett had paid his half before it was allowed, he should have no greater advantage by not paying his half until after the note was proved. We think the fact that Foskett might have lost by pursuing a different course is not the test of his right under existing circumstances. The advantage gained by not paying his half of the note sooner is not undue or unlawful.

By the assignment of the note and proved claim by the bank to Wolcott as Foskett's agent after the allowance and before the dividend was paid, Foskett neither gained nor lost anything. The allowance of the claim by the Court of Insolvency fixed the amount upon which a dividend was to be paid, and the assignment carried the right to that dividend.

Judgment reversed, and judgment for the defendant for his costs.

Taft, J., dissented.