ALLEN *et al. v.* FAIRBANKS.

(*Circuit Court, D. Vermont.* March 4, 1891.)

1. CORPORATIONS—LIABILITY OF STOCKHOLDERS—CONTRIBUTION—PLEADING—MULTIFARIOUSNESS.

A bill by stockholders who have been compelled as such to pay corporate debts under the laws of the state where they are domiciled, and under which the corporation organized, against a foreign stockholder for contribution, is not multifarious, for, though the claim of each orator is distinct from that of the others, the grounds of the suit are the same.

2. CONFLICT OF LAWS—NON-RESIDENT STOCKHOLDERS.

The laws of the state where a corporation is organized, as construed by the courts thereof, are rules of property as to the rights and liabilities between the corporation and stockholders; and stockholders resident in that state who have been made liable as such under those laws for corporate debts may in equity maintain

an action in a federal court for contribution against a non-resident stockholder, notwithstanding the fact that the principal liability could not have been enforced anywhere except in that state.

**3. SAME—RELATIVE LIABILITY.**

Where the bill does not show but that the stockholders were all living and solvent at the several times of payment, nor proceed at all against the defendant for the inability of any of them, defendant's liability to each will be in the same proportion to the amount paid as his stock bears to the whole stock.

**4. SAME—INTEREST.**

Where a stockholder is compelled to pay a corporate debt for which another stockholder is equally liable it is the same in effect as having his proportion of the amount detained by him, and in an action for contribution interest is recoverable.

**5. SAME—SURVIVORSHIP.**

In an action by several stockholders, who have been severally compelled to pay corporate debts, against a non-resident stockholder, the claims of orators who have died pending suit will not survive to the others.

In Equity.

*Daniel Roberts*, for orators.

*Henry C. Ide*, for defendant.

WHEELER, J. The several orators and the defendant were, respectively, stockholders in the Illinois & St. Louis Bridge Company, a corporation of the states of Illinois and Missouri, the capital stock of which was $4,000,000, divided into shares of $100 each. All of these stockholders had ratable proportions of some stock, called "bonus," on which the first 40 per cent. was not, and by the terms on which it was distributed by the company was not to be, paid; and, when the last 60 per cent. on all the stock was paid, the stockholders received in return mortgage bonds of the company in amounts equal to the payments. By the laws of Missouri, as held by the courts of that state through to the highest, creditors of the corporation upon a return of *nulla bona* on an execution against it could have further execution against the several shareholders to the amount of that 40 and 60 per cent., and thus all the stockholders were there ratably liable in that manner to that extent for the debts of the company. *Skrainka* v. *Allen*, 7 Mo. App. 435, 76 Mo. 384. The orators severally paid considerable sums on the debts of the company under compulsion of such proceedings, and this bill is brought for contribution from the defendant towards the sums so paid.

Objection is made that the bill is multifarious, because the claim of each orator is distinct from that of the other. In *Brown* v. *Safe-Deposit Co.*, 128 U. S. 403, 9 Sup. Ct. Rep. 127, the court said:

"To support the objection of multifariousness because the bill contains different causes of suit against the same person two things must concur: *First*, the grounds of suit must be different; *second*, each ground must be sufficient, as stated, to sustain a bill."

In this case the grounds of the suit are not different, but the same; and, as there, the objection "raises no question save the technical one of an undue uniting of demands," and, as there, the demands grow out of a subject in which all the parties had a common interest. The objection must therefore, as there, be overruled. That the law of Missouri warranted the holding of the stockholders liable for the debts of the corporation on account of the non-payment of the 40 per cent. of the bonus

stock, and of the return of 60 per cent. in bonds on payment of that amount of the whole of the stock, has been questioned in a suit upon the direct liability. *Christensen* v. *Eno*, 106 N. Y. 97, 12 N. E. Rep. 648. That question is followed and strenuously made in behalf of the defendant here. But whether other courts or this court would, on general principles of construction, come to the same conclusion upon the statute of Missouri as that to which the courts of that state have come, is not material. The parties became stockholders in a corporation of Missouri, subject to the laws of that state, as construed by the courts of the state. Rev. St. U. S. § 721; *Fairfield* v. *County of Gallatin*, 100 U. S. 47. These laws, so construed, were rules of property in respect to the rights and liabilities between the corporation and the stockholders there and everywhere. *Chase* v. *Curtis*, 113 U. S. 452, 5 Sup. Ct. Rep. 554. By them the orators and the defendant became liable ratably in proportion to their stock for debts of the corporation, and were co-sureties to the extent of the liability. The orators have been compelled to pay the defendant's share for him, and, upon common principles of equity, seem to have become entitled to have of him what they have paid for him. *Deering* v. *Earl of Winchelsea*, 2 Bos. & P. 270. That the liability could not be enforced here, nor anywhere but there, and he could not be reached there, does not affect the operation of these principles. The right to have contribution from him arose on payment of his share, and could be enforced wherever jurisdiction could be had. *Aldrich* v. *Aldrich*, 56 Vt. 324. The right of the orators to contribution is questioned because, as said, they were directors, and created the debts against law. This reason fails for want of proof of the fact. The debts appear to have been created for building the bridge of the corporation, and are not shown to have been unlawful.

The bill does not show but that the stockholders were all living and solvent at the several times of payment, nor proceed at all against the defendant for the inability of any of them. The orators are therefore to be understood as having paid for him his share of the several debts, and not his share of any shares of others not able to pay. The right that accrued to the orators was to have of him what they had so respectively paid for him. This right accrued there, and the orators have come here, where jurisdiction can be had, to enforce it. That the other stockholders are not to be found within this jurisdiction furnishes no reason for enforcing their liabilities as if his, nor for enlarging his. The defendant's share of what each paid was the same as his stock was of the whole stock. The orators have received something of another stockholder, but not on account of the defendant, nor more, so far as appears, than that stockholder's share. The sum so received does not lessen or vary the defendant's liability.

A question is made about interest. The orators were compelled to pay money for the defendant which he ought to have paid, although he may not actually have known of the circumstances requiring the payment at the time. Interest is recoverable generally upon advances of money, (*Liotard* v. *Graves*, 3 Caines, 226; Sedg. Dam. 380;) and upon money

paid by a surety without demand, (*Ilsley* v. *Jewelt*, 2 Metc., Mass., 168.) Being compelled to pay money for the defendant was the same, in effect, as having it detained by him, for which interest is recoverable. *Ekins* v. *East India Co.*, 1 P. Wms. 395; *Wood* v. *Robbins*, 11 Mass. 504. Upon these principles, interest appears to be chargeable upon the respective amounts paid for the defendant from the time of payment.

The orator Allen has died, and the suit has not been revived in favor of his personal representatives. The defendant has died, and the suit has been revived against his executors. The amount to be paid by the executors to each orator is capable of computation from the pleadings and evidence. To the orator Lionberger it is $77.33; to the orator Jackson, $67.11; to the orator Knapp, $66.54; and to the orator Greeley, $19.83. As the payments of the orators were several, except that by the two Knapps, who were partners, the claims of those who have died have not survived to the others; and, as the amount recovered is less than $500, costs to the orators are expressly prohibited. Rev. St. U. S. § 968. Let a decree be entered that the defendant's executors forthwith pay to the orator Lionberger, $77.33; to the orator Jackson, $67.11; to the orator Knapp, $66.54; and to the orator Greeley, $19.83, without costs.