MERCHANTS BANK OF NEW YORK, Plaintiff, *v.* IRVING PEARL et al., Defendants.

Supreme Court, Special Term, New York County, April 29, 1949.

*Israel H. Zinovoy* for plaintiff.

*Alfred L. Weiss* for Hyman Stolov, defendant.

PECORA, J. This action was brought against defendant Stolov and four others as joint and several guarantors of certain promissory notes held by plaintiff as payee. Except for defendant Stolov all the other defendants have defaulted and the action has been severed as against him. Stolov admits the making of the guarantee and all the essential allegations of the complaint except that he denies upon information and belief the balance due on said notes. He sets up as a defense that plaintiff has

failed to act diligently against his coguarantors in that it failed to commence suit against them for ten months after the primary debtor assigned for the benefit of creditors, shortly after the notes became due and were not paid; that several of the coguarantors are insolvent and have filed petitions in bankruptcy or are about to become insolvent and that as a result his right to subrogation or contribution from them has been prejudiced. Defendant does not specify which of his coguarantors are so situated. It is defendant's contention that this failure to commence action earlier constitutes lack of due diligence which would defeat plaintiff's right to recovery against him. He urges that in any event a question of fact is presented as to whether such delay was or was not such a lack of due diligence upon plaintiff's part. I am unable to agree with that contention. A reading of the guarantee indicates that it is extremely broad and almost completely unconditional in scope and does not in any way limit the time in which the plaintiff might proceed against any of the guarantors. Further it is several as well as joint in character which means that plaintiff might, if it chose, sue any one of the guarantors individually and not proceed against the others. There is no requirement therein that all guarantors must be sued together or that any one of them should be sued before any other one. Nor is there even a requirement that the bank must proceed first against the primary debtor before proceeding against the guarantors. The only way provided in which liability may be terminated is by a written notice, to that effect, given to the bank. No claim is made that such a notice was given.

The cases relied upon by defendant respecting his claim that lack of due diligence discharged him from liability do not apply here. They refer to the situation where the contract actually required the creditor to proceed against the principal debtor diligently before proceeding against the guarantor or surety. In this case the guarantee was absolute by its terms and defendant's liability to pay thereunder became fixed immediately upon the failure to pay by the principal debtor. The mere delay to prosecute sureties in the absence of any request to do so does not discharge the surety who may subsequently find himself prejudiced by such delay (*Hard* v. *Mingle*, 206 N. Y. 179). No request was made by defendant upon plaintiff to proceed against the guarantors. The defense alleged is therefore without merit. Defendant has raised no triable issue and the motion for summary judgment is accordingly granted. Settle order.