ESTATE OF EDGAR P. SAWYER, ALSO KNOWN AS E. P. SAWYER, ALSO KNOWN AS TED SAWYER, DECEASED, APPELLANT, v. YGNACIO MEDICAL CENTER, A LIMITED PARTNERSHIP, RESPONDENT.

No. 8115

March 25, 1976                    547 P.2d 317

*Edmund S. Barnett,* of Crystal Bay, for Appellant.

*McDonald, Carano, Wilson, Bergin & Bible,* and *John Frankovich,* of Reno, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Ygnacio Medical Center was holder of the master lease on a convalescent hospital located in Contra Costa County, California. The medical center leased the hospital to Ygnacio Convalescent Hospital, Inc. for a period of 20 years commencing January 1, 1967. Provisions of the lease included rent of $7,680.00 per month, payment of taxes semiannually and payment of a security deposit of $46,080.00.

In conjunction with the lease agreement, the only two shareholders of the lessee, Edgar P. Sawyer and Kenneth R. Keller, executed a personal guarantee promising to reimburse the medical center in the event of default on the lease. The guarantee was to remain effective for a period of 12 years.

Certain defaults occurred by March of 1973 which Sawyer and Keller agreed to cure in a manner not here material. In June of 1973 Sawyer died. Sawyer's untimely demise evidently frustrated the hospital's attempt to cure the default and caused it to become even further delinquent. Ultimately, the hospital became indebted to the medical center in the amount of $66,079.99. On the basis of Sawyer's personal guarantee, the medical center filed a claim against Sawyer's estate for the amount of the delinquency. The claim was rejected and this litigation followed.

Motions for summary judgment were filed by both parties and each alleged the existence of no genuine issues as to any material fact. The principal question presented to the lower

court was whether, as a matter of law, Sawyer's personal guarantee bound his estate for the defaults on the lease which occurred after his death. His estate contends that the personal guarantee expired on his death and that any arrearages in rent or taxes accruing after that time do not constitute charges against the estate.

The trial court decided otherwise and we affirm that decision.

1. The guarantee was to exist for the stated period of 12 years. The language of the guarantee is explicit; there were no stated exceptions or contingencies that would change, alter or modify the agreed period, such as may be found in a continuing guarantee for future advances. Valentine v. Donohoe-Kelly Banking Company, 65 P. 381 (Cal. 1901). The effective period was 12 years irrespective of whether Sawyer lived or died during that period. It is unlikely the medical center would have entered the lease in the absence of Sawyer's personal guarantee. Its purpose was to insure faithful compliance with the provisions of the lease and it was executed in return for sufficient consideration.

Although the acts guaranteed may cover a long or indefinite period of time, a guarantee, if supported by sufficient consideration, is a binding contract which is neither revocable by the guarantor nor terminable by his death. United States ex rel. Wilhelm v. Chain, 300 U.S. 31, 34 (1937); see also Hard v. Mingle, 99 N.E. 542 (N.Y. 1912); Exchange National Bank of Spokane v. Hunt, 135 P. 224 (Wash. 1913).

[Headnote 3]

2. Appellant also protests that summary judgment was improper because certain material issues of fact should have been presented to a trier of fact. Such a contention cannot be maintained in the face of the motion for summary judgment filed by appellant wherein it claimed that there existed no genuine issue as to any material fact. Appellant is now precluded from claiming otherwise. City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970).

Affirmed.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.