WALTER VAN BRUNT vs. ELIZABETH F. GORDON.

Submitted on briefs May 1, 1893. Decided May 9, 1893.

**Contribution among Joint Debtors.**

> Rule applied that where one of several, who are jointly, or jointly and severally, liable on contract for the same debt, pays more than his share, he is entitled to contribution from the others to reimburse him for the excess thus paid.

Appeal by defendant, Elizabeth F. Gordon, from a judgment of the District Court of St. Louis County, *O. P. Stearns*, J., entered April 18, 1892, for $3,156.81.

On August 1, 1879, the plaintiff, Walter Van Brunt, and the defendant rented of Aaron Mendenhall of Chester County, Pennsylvania, five-sixths, and of William E. McLaren of Cook County, Illinois, one-sixth, of lots one (1,) two (2,) three (3,) and four (4,) in block six (6) in the Industrial Division of Duluth, for the term of fifteen years. They agreed to pay as rent for the premises, all taxes and assessments that should be levied or assessed thereon during the term, and after five years to pay annually six per cent. of the market value of the property, exclusive of improvements, and to build a dock thereon and dredge the west water front to a depth of sixteen feet below low-water mark. The plaintiff alone paid all the taxes and the rent to July 1, 1889, amounting to $4,771.69, when the leases were determined and canceled by agreement of the parties thereto. This action was brought to recover of the defendant one-half of the money so paid, with interest. The issues were referred for trial to H. F. Greene, Referee, who heard the evidence, and made report directing judgment for the plaintiff. Judgment was entered accordingly, and defendant thereafter moved for a new trial. This motion was dismissed because not made in due time. She now appeals from the judgment and from the order dismissing her motion for a new trial.

*James Spencer*, for appellant.

No action at law of any kind can be sustained between tenants in common of real estate for contribution or damages, by one who

has expended money in making necessary repairs, paying rents or taxes, or purchasing outstanding titles in which the other has refused to join. These parties were tenants in common pure and simple. Our statute has so made them; they would have been joint tenants at common law. 1878 G. S. ch. 45, § 44.

There was no contract or agreement of any sort between the parties, or pretense of any, nor is there any statutory provision, creating liability or providing for personal actions between them to recover contribution or damages for payment by either for the benefit or preservation of the common property. *Mumford* v. *Brown*, 6 Cowen, 475; *Doane* v. *Badger*, 12 Mass. 65; *Coffin* v. *Heath*, 6 Met. 76; *Calvert* v. *Aldrich*, 99 Mass. 74; *Pentz* v. *Clarke*, 41 Md. 327; *Stedman* v. *Feidler*, 20 N. Y. 437.

Nor can the covenants in the leases made by this defendant to the lessors, in which she agreed to pay the rents and taxes, be construed as a provision made for the plaintiff's benefit, because this covenant to pay was not for his benefit. It was made for the benefit of the lessors, and though such payment if made by her might have incidentally resulted in his benefit, it would not aid him. *Lake Ontario Shore R. Co.* v. *Curtiss*, 80 N. Y. 219; *Vrooman* v. *Turner*, 69 N. Y. 280; *Garnsey* v. *Rogers*, 47 N. Y. 233; *Wheat* v. *Rice*, 97 N. Y. 296.

These payments were made by the plaintiff voluntarily, and not only that, but they were paid in discharge of his personal liability, and were due from him, and he had the exclusive possession of the common property. He is not entitled to recover either for the rents or taxes. *Railroad Co.* v. *Commissioners*, 98 U. S. 541; *Carew* v. *Rutherford*, 106 Mass. 1; *Beach* v. *Vanderburgh*, 10 John. 361; *Supervisors of Onondaga* v. *Briggs*, 2 Denio, 26; *Jones* v. *Wilson*, 3 John. 434.

*Walter Ayers*, for respondent.

These leases appear to have been purely speculative ones on the part of the lessees, and it does not appear that either of the lessees ever entered into actual possession of the property or derived any benefit from it. Not a dollar of revenue was ever derived by either party from the demised premises or the leasehold interests.

The payments were all made in pursuance of a joint contractual obligation to the lessors named in the leases, and where one of two persons who are jointly liable upon an obligation, pays or satisfies more than his proportionate share of the debt or obligation, he is entitled to a contribution from his co-obligor. This is so elementary that we need not discuss it at large. 3 Pomeroy, Eq. J. § 1418, and cases cited.

The question of demand upon, or refusal by, the defendant is immaterial; but if it were not, the plaintiff's husband was her agent for all purposes connected with the leases. *Place* v. *Johnson*, 20 Minn. 219, (Gil. 198.)

This action was begun in July, 1891, the case was referred to a referee, and judgment ordered by him March 18, 1892. On April 18, 1892, judgment was duly entered. No further steps whatever were taken by the defendant until September 3, 1892, when, upon a motion for a new trial, the court declined to consider the same, upon the ground that the motion was not made in seasonable time.

MITCHELL, J. The short facts are that plaintiff and defendant took leases of certain real estate for a term of years, in which they covenanted and agreed to pay the lessors a certain rent, and to pay the taxes on the premises during the term. The premises were unimproved and unproductive, the leases being apparently purely speculative. During the life of the leases the plaintiff paid all the taxes and rent, and he now brings suit for contribution to compel defendant to pay her share.

Counsel for defendant has made an exhaustive brief upon the law as to the rights and liabilities of cotenants between each other, growing out of their mere connection with the common property, irrespective of any contract between themselves or with third persons; but, with all deference to the learned counsel, we think this is entirely foreign to the facts of this case. These taxes and rent constituted a debt which plaintiff and defendant were jointly obligated to pay, just the same as if they had bought the property, and given their joint note for the purchase money; and their rights are to be determined by precisely the same rules as if the obligation had been contracted by persons who never bore to each other the relation of tenants in common. The fact that they were tenants in

common of the property for which this joint obligation was contracted has nothing to do with the case. The simple facts are that both were equally bound by their contract to pay certain sums of money, and one of them has paid the whole. The familiar rule applies that the one who has paid more than his share is entitled to contribution from the other to reimburse him for the excess so paid, and thus equalize their common burdens. This rule is based on the maxim that equality is equity.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1118.)

Application for reargument denied May 23, 1893.

