JONES *v.* BANK OF PINE BLUFF.

Opinion delivered October 15, 1906.

BILLS AND NOTES—INDORSEMENT BEFORE DELIVERY.—One who indorses a note before delivery becomes liable absolutely as a joint maker, and not for so much only as the holder failed to recover from the maker.

Appeal from Jefferson Circuit Court; *Antonio B. Grace,* Judge; affirmed.

*N. T. White* and *Ben. J. Altheimer,* for appellant.

The probate court should have required the creditor holding a secured claim to exhaust his security before allowing his claim against the estate. 25 Ark. 163; 59 Ark. 560.

*Bridges & Wooldridge,* for. appellee.

BATTLE, J. On December 31, 1903, the Southern Mercantile Company of Pine Bluff executed to the Bank of Pine Bluff its four promissory notes for amounts aggregating the sum of $9,537, and on June 6, 1904, executed another note to the same party for $5,000, all of which bear interest at the rate of ten per centum per annum from date until paid. Before delivery to the payee they were indorsed by Ferd Havis and Wiley Jones. On the seventh day of December, 1904, Wiley Jones died, and James Jones was duly appointed administrator of his estate, and qualified as such. On the 20th day of January, 1905, the notes, duly authenticated, were presented by the Bank of Pine Bluff to the administrator for allowance against the estate of the deceased, and were disallowed by him, "notice and presentation being waived by him." They were then presented to the probate court of Jefferson County for allowance, and were disallowed. The Bank of Pine Bluff then appealed to the Jefferson Circuit Court, and the notes were by it allowed, and the administrator appealed.

Appellant contends that the bank should be required to first collect of the Southern Mercantile Company all it can by process of law before its claim is allowed against the estate of Jones. This contention is not tenable. Havis and Wiley Jones, having received no consideration in addition to that of the notes, became liable to the bank as joint makers with the Southern Mercantile Company. *Nathan* v. *Sloan,* 34 Ark. 524. Their obligation, according to the terms of the contract, is the same as that of the Mercantile Company, and as soon as the latter was in default they were likewise in default, and could be sued immediately for the whole amount due on the notes and before any proceedings against the latter. They were not liable for only so much as the owner of the notes failed to recover of the latter by process of law, nor upon that condition. Such were not the

terms of the contract, and can not be imposed upon the payee as a condition of its recovery.  1 Brandt on Suretyship and Guaranty (3 Ed.), § 110, and cases cited.

Judgment affirmed.