PORTER *v.* HUIE.

Opinion delivered March 28, 1910.

BILLS AND NOTES—ACCOMMODATION PAPER—SUCCESSIVE LIABILITY OF INDORSERS.—As between themselves, persons who successively indorse a note for accommodation before its negotiation are not co-sureties, nor entitled to contribution from each other, but are liable to one another, in the absence of special agreement, in the order in which their names are indorsed.

Appeal from Clark Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*J. H. Crawford* and *T. D. Crawford,* for appellant.

Where a person, not the payee of a note, signs his name upon the back of it without date, it is presumed to have been

done at the inception of the note. 11 Pa. St. 482; 30 Me. 310; 44 Me. 433; 4 Houst. 284; 85 Me. 485; 13 Met. 265; 107 N. C. 565; 1 Dan. Neg. Inst., § 728. Such person is bound as surety as fully as if he had written his name on the face under that of the maker. 24 Ark. 511. He is a joint maker, and not a guarantor. 34 Ark. 524; 40 Ark. 546; 80 Ark. 285. Successive indorsers are co-sureties, and can recover contribution from each other. 1 Ohio 413; 3 O. St. 422; 2 Hawks 590; 118 N. C. 388; 23 Vt. 160; 2 Mackey 420; 74 Cal. 362; 8 App. Cas. 749; 10 C. B. (N. S.) 561.

*Callaway & Huie,* for appellee.

When the maker of a note gives two indorsers as co-sureties, the one indorsing first is liable to the other for the whole debt. 79 Am. Dec. 568; 32 Am. Dec. 397; 2 Speer's Law 747. There is no contribution between successive accommodation indorsers in the absence of special agreement. 43 Ala. 168; 3 Stew. 247; 2 Mackey 420; 1 McArthur 606; 1 Ga. 205; 6 Blackf. 507; 4 Litt. 436; 15 La. 537; 85 Me. 326; 3 Harr. & J. 167; 98 Mass. 214; 173 Mass. 122; 56 Mich. 187; 102 N. Y. 93; 182 Pa. St. 292; 9 Yerg. 1; 60 Vt. 321; 1 Gres. 234; 42 W. Va. 522; 3 Pet. 470; 21 How. 432.

BATTLE, J. On the 28th day of July, 1888, the Arkadelphia Cotton Mills executed to J. A. Hardage a promissory note as follows:

"$1,000.                    Arkadelphia, July 28, 1888.

"On July 28, 1889, we promise to pay to the order of J. A. Hardage one thousand dollars at 10 per cent. interest from date until paid. Value received.

"Arkadelphia Cotton Mills,

"By S. R. McNutt, President."

Before the delivery and acceptance of it the note was signed on the back of it by S. R. McNutt, J. C. Saunders and R. W. Huie & Company. The Arkadelphia Cotton Mills paid at different times several amounts, aggregating $300. McNutt paid in his life many sums, amounting in the aggregate to $960. He died, and his executors paid $1,391.35, the balance due thereon. His executors brought suit in equity against R. W. Huie, a member of the firm of R. W. Huie & Company, who was the

last to sign the note on the back thereof, to recover $1,175.67, one-half of the amount paid thereon by McNutt, in his lifetime, and by his executors. The trial court dismissed the complaint for want of equity, and plaintiffs appealed.

In *Killian* v. *Ashley*, 24 Ark. 511, the court held that "where a third party indorses a note in blank at the time it is executed he is bound as security as fully as if he had written his name on the face under that of the makers." And in *Nathan* v. *Sloan*, 34 Ark. 524, this court held that "parties who indorse their names in blank upon an obligation to another at the time it is executed by the maker and for the same consideration are joint makers with him, and not guarantors." To the same effect it held in *Heise* v. *Bumpass*, 40 Ark. 546; *Jones* v. *Bank of Pine Bluff*, 80 Ark. 285; *Lake* v. *Little Rock Trust Co.*, 77 Ark. 53. In all these cases the court was considering the liability of the parties sued to the holder of the notes, and in none of them did it consider the relation of two or more of the indorsers on notes like the one under consideration to each other. In such cases it is held by the great weight of authorities: "When several persons indorse a bill or negotiable note in succession, the legal effect is to subject them as to each other in the order they indorse. The indorsement imports a several and successive, and not a joint, obligation, whether the indorsement be made for accommodation or for value received, unless there be an agreement *aliunde* different from that evidenced by the indorsements. When the successive indorsements are for accommodation of other parties, the indorsers for accommodation may make an agreement to be jointly and equally bound, but whoever asserts such an agreement must prove it." *McDonald* v. *Magruder*, 3 Pet. (U. S.) 470; Daniel on Negotiable Instruments (5 ed.), § 703. In 7 Cyc. 828, the cases on this subject are collected.

In the case at bar McNutt was first indorser, and, as between himself and those whose names follow his, is liable for the whole amount of the note, and, in the absence of an agreement to the contrary, the other indorsers are not liable to contribute anything to him or his estate. No such agreement was alleged or proved.

Decree affirmed.