EUGENE G. BOLLES v. JOHN L. BOYER AND OTHERS.[1]

January 10, 1919.

No. 21,057.

**Executor and administrator — claims on notes provable though not yet due.**

1. Where the maker of a promissory note dies, the note, even though not due, is provable as claim against the estate, presently payable the same as if past due.

**Same — suit for contribution.**

2. Such is also the case where one of two or more makers of a joint and several promissory note not due dies. If the holder of such a note files it as a claim against the estate of a deceased maker, and it is al-

[1] Reported in 170 N. W. 229.

lowed and paid by the executor or administrator, a suit for contribution
against the comakers accrues at once.

Action in the district court for Fillmore county by the executor of
the estate of Ensign Bolles, deceased, to recover contribution from joint
makers of a promissory note. Defendant demurred to the complaint on
the ground that it did not state facts sufficient to constitute a cause of
action. From an order, Catherwood, J., overruling his demurrer to the
complaint, defendant appealed. Affirmed.

*Christofferson, Christofferson & Jackson,* for appellant.

*Parker & Gullickson* and *Sasse & French,* for respondent.

HOLT, J.

Ensign G. Bolles and the defendants were the joint and several makers
of a promissory note due next March. Bolles died testate, in this state,
in February, 1917. Plaintiff was appointed executor and proceeded to
administer the estate in the proper county. The holder of the note pre-
sented it as a claim against the estate. It was allowed and paid by
plaintiff. He then requested defendants to pay their share. They de-
clined and this action for contribution was instituted. The defendant
Boyer demurred. From the order overruling the demurrer he appeals,
the court below certifying that the question presented by the demurrer
is important and doubtful.

The sole question for decision is whether this suit for contribution is
prematurely brought, the complaint disclosing that the note is not yet
due. Most of the states have statutory provisions looking to a speedy
adjustment and settlement of the estates of deceased persons, and to
that end we find enactments under which claims, whether due or not
due, must be presented for allowance within a limited period of time or
be forever barred. See Woerner, Am. Law of Administration, § 393.
In some states we find provisions under which the executor or adminis-
trator is required to hold out a sufficient fund to pay a claim not due, and
so to invest the fund that the creditor will obtain the benefit of the in-
terest received, in others a not due claim is allowed and ordered paid at
its present worth. Austin v. Saveland's Estate, 77 Wis. 108, 45 N. W.
955. The provisions of our code, G. S. 1913, bearing on the subject are
as follows:

Section 7323. "All claims against the estate of a decedent, arising upon contract, whether due, not due, or contingent, must be presented to the court for allowance, within the time fixed by the order, or be forever barred: Provided, that contingent claims arising on contract, which do not become absolute and capable of liquidation before final settlement, need not be so presented or allowed. * * * If the claim presented be contingent, or not due, the particulars thereof shall be stated."

Section 7327. "Upon the adjudication of any claim the court shall make its order allowing or disallowing the same, which order shall have the effect of a judgment for or against the estate, as the case may be. Such order shall contain the date of adjudication, the amount allowed, the amount disallowed, and shall be attached to the claim with the offsets, if any. The claim allowed shall bear interest at the legal rate."

Section 7339. "No preference shall be given in the payment of any debt over any other debts of the same class, nor shall a debt due and payable be entitled to preference over debts not due."

We are of the opinion that these statutes relating to the administration of the estates of deceased persons import into contracts a provision maturing the obligations of a party thereto in case of his death, so as to speed the settlement of his estate. The holder of this note, even though it was not due, was compelled to file it as a claim against the estate of Bolles, or forever part with the assurance of payment given the note by Bolles' signature. After the note was filed as a claim against the estate, its allowance by the probate court became a judgment. So far as concerns the estate, the note was merged in that judgment. McCord v. Knowlton, 79 Minn. 299, 82 N. W. 589. The estate being solvent full payment thereof could be exacted at once. Johanson v. Hoff, 70 Minn. 140, 72 N. W. 965. It could not, under the statute, be postponed to claims arising upon past due debts. The payment by plaintiff was therefore not voluntary, but in law compulsory.

The doctrine of contribution, although of equitable origin, is now enforced in actions at law, and is made to rest upon the implied promise between co-obligors that if one is compelled to discharge more than his share of the obligation the others will respond to him for their proportionate part. It is quite generally held that the cause of action for such

contribution arises the moment one of the co-obligors pays or performs, under compulsion, the common obligation.   Township of Canosia v. Township of Grand Lake, 80 Minn. 357, 83 N. W. 346; Hard v. Mingle, 206 N. Y. 179, 99 N. E. 542, 42 L.R.A.(N.S.) 1131; Burrus v. Cook, 215 Mo. 496, 114 S. W. 1065; Mentzer v. Burlingame, 78 Kan. 219, 97 Pac. 371, 18 L.R.A.(N.S.) 585; Bushnell v. Bushnell, 77 Wis. 435, 46 N. W. 442, 9 L.R.A. 411.

We, therefore, conclude that since, under our statutes, the death of one of the comakers of a promissory note not yet due matures it as a presently payable claim against his estate, it is just and proper to hold that the implied contract of contribution between comakers includes a provision, to accord with the statutes referred to, that if one of such makers die and the holder of the note should assert it as a claim against the deceased maker's estate, and it be allowed and paid by the executor or administrator thereof, the right to sue for contribution at once accrues without regard to the due date of the note.   We are aware that this rule may occasionally work a hardship upon the surviving comakers; but it is plain that a different holding may be equally, if not more, harsh in its consequences to those interested in the decedent's estate. It is even conceivable that a note may have such a long time to run that the statute of limitation might bar an action for contribution against surviving comakers, if it is to await the due day of the instrument.

The learned trial court adopted the right view and its order is affirmed.