H & M AUTO ELECTRIC, INC., PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 20724-87.          Filed June 15, 1989.

---

*Stephan A. Pezalla,* for the petitioner.
*Michael A. Urbanos,* for the respondent.

OPINION

WILLIAMS, *Judge:* The Commissioner determined a deficiency in petitioner's 1983 Federal income tax of $33,852. The issue we must decide is whether petitioner must recognize gain, pursuant to section 311(c),[1] on the distribution of assets in complete redemption of a shareholder's interest.

The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioner, a corporation, had its principal office in Grand Rapids, Minnesota, at the time its petition was filed. Petitioner filed a Federal income tax return for its taxable year ending March 31, 1983, and amended its tax return on August 12, 1985.

On March 15, 1972, Bette Horn and her then husband, Robert K. Horn, the owners of petitioner, constructed a commercial building on property located in Grand Rapids, Minnesota. The Horns jointly owned this property (parcel #1).

To finance construction of a building on parcel #1, the Horns arranged to borrow $185,000 from the Grand Rapids State Bank (the bank). Bette, Robert, and petitioner (the Horns signing as corporate officers) executed a note (note #1) as co-makers for the amount of the obligation. Note #1 was secured by parcel #1, and by a mortgage on a property owned by petitioner adjacent to parcel #1 (parcel #2).

Petitioner recorded the face amount of note #1 as a liability on its books. Petitioner made all mortgage payments on note #1. Petitioner also established an account for amounts receivable from the Horns to record amounts expended by petitioner in the construction of the new building (the note receivable). Upon completion of construction, the Horns leased the new building to petitioner. Petitioner credited its lease payments to the note receivable.

On June 30, 1982, petitioner redeemed 178 shares of its stock owned by Bette Horn pursuant to section 302(b)(3)

---

[1]All section references are to the Internal Revenue Code of 1954 as in effect for the year in issue, unless otherwise indicated.

terminating her interest in petitioner. As payment, petitioner distributed to Bette Horn parcel #2 and the note receivable. Moreover, Bette Horn assumed note #1, secured by the mortgage on parcel #1 and parcel #2 and another note payable to her (note #2).

Parcel #2, distributed to Bette Horn on June 30, 1982, had a fair market value of $202,000. Petitioner's adjusted basis in parcel #2 was $37,486. The balance of note #1, which was secured by parcel #1 and parcel #2, and which was assumed by Bette Horn on June 30, 1982, was $153,341. The amount of note #2, assumed by Bette Horn on June 30, 1982, was $10,000. The balance of the note receivable on June 30, 1982, was $128,331.

The issue we must decide is whether petitioner must recognize gain pursuant to section 311(c) on this distribution in redemption of all of Bette Horn's stock in petitioner. Generally, for the year in issue, no gain or loss was recognized to a corporation on the distribution of property with respect to its stock. Sec. 311(a). Section 311(c) was an exception to this general rule and provided as follows:

SEC. 311(c). LIABILITY IN EXCESS OF BASIS.—If—
(1) a corporation distributes property to a shareholder with respect to its stock,
(2) such property is subject to a liability, or the shareholder assumes a liability of the corporation in connection with the distribution, and
(3) the amount of such liability exceeds the adjusted basis (in the hands of the distributing corporation) of such property,

then gain shall be recognized to the distributing corporation in an amount equal to such excess as if the property distributed had been sold at the time of the distribution. In the case of a distribution of property subject to a liability which is not assumed by the shareholder, the amount of gain to be recognized under the preceding sentence shall not exceed the excess, if any, of the fair market value of such property over its adjusted basis.

Section 311(c) is applicable to petitioner's distribution. Petitioner's distribution of parcel #2 and the note receivable in complete redemption of Bette Horn's 178 shares of stock in petitioner is a "distribution with respect to stock," by a corporation, of property. Sec. 1.311-1(a), Income Tax Regs.; sec. 317. Bette Horn assumed petitioner's portion of the

liability on note #1 and also assumed note #2.[2] The issue is whether the gain to be recognized is measured by subtracting the aggregate of petitioner's bases in the property distributed from the aggregate of the liabilities assumed, or whether it is measured by subtracting the basis of each property distributed from the liability assumed in respect of each property. This issue is one of first impression. There appears to be no authority specifically directed to the proper manner of allocating assumed liabilities among the distributed assets.

Petitioner argues that the recognition of gain pursuant to section 311(c) should be computed in the aggregate. Thus, petitioner contends, it had no gain to recognize on the distribution because Bette Horn relieved petitioner of liabilities totaling $163,341 (the sum of note #1 of $153,341 and note #2 of $10,000) while petitioner distributed property with an aggregate basis of $165,817 (the sum of the adjusted basis of parcel #2 of $37,486 and the adjusted basis of the note receivable of $128,331). Accordingly, petitioner argues that no gain should be recognized pursuant to section 311(c) because the total liabilities assumed by Bette Horn were not greater than the aggregate adjusted bases of the assets distributed by petitioner with respect to its stock. Sec. 311(c)(3).

Respondent, relying on Rev. Rul. 80-283, 1980-2 C.B. 108, argues that the gain to be recognized pursuant to section 311(c) should be computed asset-by-asset. This requires matching of liabilities to assets. In respondent's view, note #1, secured by parcel #2, is a liability that should be matched to parcel #2. Note #2, unsecured, should be allocated according to the relative fair market values of the distributed assets. Respondent contends, therefore, that petitioner must recognize gain on the distribution of parcel #2 because note #1, combined with an allocable portion of note #2, exceeds petitioner's adjusted basis in parcel #2 by $121,970 [($153,341 + 6115) − 37,486]. In allocating the remaining portion of note #2 to the note receivable, no gain would be recognized because that portion of the liability

---

[2]The parties have stipulated that note #2 payable to Bette Horn is an assumed liability. Although this transaction appears to be a cancellation of indebtedness rather than an assumption of liability, we will respect the parties' characterization.

would be less than petitioner's basis in the note receivable. Petitioner would, consequently, recognize gain in the amount of $121,970.

While we agree in general with respondent's position on how liabilities in excess of basis should be measured, we disagree with respondent's application of that method in this case because he disregarded Robert Horn's and Bette Horn's existing obligations on note #1 at the time of the distribution. Petitioner, Bette Horn, and Robert Horn as co-makers of note #1 were jointly and severally liable on note #1. As joint debtors, each had a right of contribution pursuant to Minnesota law. Minn. Stat. Ann. secs. 336.3-118(e) and 548.181 (West 1988). Contribution requires that persons under a common burden share that burden in accordance with their proportionate liability. *Waldref v. Dow*, 172 Minn. 52, 214 N.W. 767 (1927); *Bolles v. Boyer*, 141 Minn. 404, 170 N.W. 229 (1919). Petitioner was, therefore, relieved of liability only to the extent of one third of the amount due on note #1, viz, $51,113.66. It was this amount of petitioner's liability, and not more, that was assumed by Bette Horn in the distribution to her of note #1.

We agree, however, with respondent, that section 311(c) contemplates a matching of liabilities to assets. Pursuant to section 311(c), a corporation which distributes property subject to a liability in excess of its basis realizes the economic benefit inherent in being relieved of the debt to the extent the fair market value of the asset exceeds adjusted basis. By analogy, the distribution of the asset and liability is as if the shareholder purchased the property for the amount of the liability. Indeed, the flush language of section 311(c) states that gain will be recognized "as if" the distributed property had been sold. The statute also specifically limits the gain to be recognized by the excess of fair market value over adjusted basis if the liability is not assumed. The Treasury regulations limit the gain to be recognized pursuant to section 311(c) by the excess of fair market value over basis of the distributed asset. Sec. 1.311-1(d), Income Tax Regs., ("the amount taxable to the corporation is limited to the excess of the fair market value of the property * * * over its adjusted basis ."). Consistent

with this approach, the character of the gain on the distribution recognized pursuant to section 311(c) is determined by reference to the character of the distributed asset in the hands of the distributing corporation. Sec. 1.311-1(d), Income Tax Regs. Unless this determination were made for each asset distributed, determining the character of the gain to be recognized would be muddled.

For a sale of a group of assets, gain or loss, along with its appropriate character, is determined asset-by-asset. Cf. *Stern v. Commissioner*, 66 T.C. 91, 99 (1976); *C.D. Johnson Lumber Corp. v. Commissioner*, 12 T.C. 348, 363 (1949). By analogy, in the case before us, petitioner in effect "sold" its shareholder two assets (parcel #2 and the note receivable) in exchange for Bette Horn's assumption of petitioner's liability on note #1, which was secured in part by a mortgage on parcel #2, and her assumption of note #2 in the amount of $10,000 which was unsecured. The logical application of matching liabilities to assets, we believe, is to allocate a secured liability to the asset which secures it. We also believe this will conform to economic reality because the gain to petitioner on being relieved of the liability secured by the mortgage on parcel #2 is less than the value of the asset being distributed. The secured liability, therefore, should be allocated to parcel #2 to determine the extent to which the liability exceeds the basis of the distributed property.

The assumption by Bette Horn of note #2 is a part of the consideration for the distribution of all assets distributed. The benefit to petitioner on the assumption of note #2, an unsecured liability, does not flow from the distribution of any particular asset but flows from the entire distribution. The gain to petitioner from being relieved of this liability cannot be attributed to any particular asset. It seems most appropriate, therefore, that the unsecured liability should be allocated among all property distributed in the transaction according to the relative fair market values of the distributed assets.[3] *C.D. Johnson Lumber Corp. v. Commissioner*, *supra.* As a result, $6,115 of note #2 is allocable to parcel #2.

---

[3]The parties have assumed that the face amount of the note receivable was its fair market value.

Respondent believes that the above approach can be inferred by contrasting section 311(c) with section 357(c) which provides:

If the *sum* of the amount of the liabilities assumed, plus the amount of the liabilities to which the property is subject, exceeds the *total* of the adjusted basis of the property transferred * * * , then the excess shall be considered as a gain * * * . [Emphasis added.]

In section 357(c) Congress provided that for corporate formation and reorganization, gain from the assumption of liabilities in excess of basis should be computed by comparing the aggregate of liabilities assumed to the aggregate basis of property transferred. Congress made no such provision in section 311(c) which was passed by Congress simultaneously with section 357(c).

While this comparison is a thin foundation on which to base a conclusion, it justifies an inference, albeit weak, that the language of section 311(c) was crafted in contrast to section 357(c) and should be read to convey the principle that liabilities to which each property distributed is subject, should not be aggregated against the sum of the distributed property's bases. Because of the similar purposes of the sections, and the different language used in each section, and because the Treasury regulations seem to apply section 311(c) asset-by-asset, we agree with respondent that gain should be recognized pursuant to section 311(c) by comparing each asset's basis and fair market value with an allocable share of the liability assumed.

Consequently, we hold that petitioner must recognize in 1983 capital gain on the distribution to Bette Horn in the amount of $19,742.66 [($6,115 + $51,113.66) − $37,486].

*Decision will be entered under Rule 155.*